## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JACK GLYNN, individually and on behalf of a class of similarly situated individuals, | ) ) ) |
| *Plaintiff*, | ) Case No. 18-cv-04645 ) ) |
| v. | ) Hon. Gary Feinerman ) |
| EDRIVING, LLC, a Delaware limited liability corporation, and INTERACTIVE SOLUTIONS, INC., d/b/a DriversEd.com, an Illinois corporation, | ) ) ) ) ) ) |
| *Defendants*. | ) |

## FIRST AMENDED CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff Jack Glynn, both individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Defendant eDriving, LLC ("eDriving") and Defendant Interactive Solutions, Inc., d/b/a DriversEd.com ("Interactive Solutions") (collectively, "Defendants"), to stop their capture, collection, use, and storage of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows based upon personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including voiceprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. Defendants actively capture, store, transmit, and use, without obtaining informed written consent, the biometrics, *i.e.* voiceprints, of hundreds, if not thousands, of Illinois residents.

3. Defendants are online driver's education providers. Defendant eDriving is the leading provider of online driver's education in the United States, accomplishing its objectives through its subsidiary, Defendant Interactive Solutions. Defendant Interactive Solutions does business as DriversEd.com.

4. On information and belief, Defendant eDriving exerts total control over the curriculum, technology, biometric equipment, policies, and procedures, and other material aspects of Defendant Interactive Solutions' operations, including the collection of biometric information.

5. As shown below, in order to verify that a given student is the individual taking Defendants' online course (as opposed to some third person), Defendants ask students to provide an invasive biometric voice sample by telephone immediately upon registration.



6. Defendants then use the biometric voice samples of each registered student to verify their identity by phone at several points throughout the course.

7.      Defendants choose to utilize biometrics to verify students' identities instead of other common, less-intrusive verification methods, and they do so without regard to BIPA and the concrete privacy rights and pecuniary interests that BIPA protects. Defendants' technology requires users to upload, store, and repeatedly transmit their biometrics, *i.e.* their voiceprints.

8.      The individual voiceprints are unique to each of Defendants' students, and Defendants' capture, collection, storage, and use of those biometric identifiers violates each student's substantive privacy rights protected under BIPA and exposes those individuals to serious and irreversible privacy risks—risks that BIPA was designed to avoid — including the ever-present risk of a data breach of Defendants' systems, exposing students' biometrics to hackers.

9.      The Illinois Legislature passed BIPA to provide individuals with statutory protection in their biometric data privacy rights; to ensure that they would receive certain disclosures before a private entity could collect, obtain and/or use their biometrics; to decrease the risk of a misappropriation of one's identity or a similar compromise of one's privacy; and to ensure that individuals whose biometrics were being collected, obtained and/or used could provide informed consent and be fully aware of how their biometrics were being handled and disposed.

10.     Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5. Even sensitive information like Social Security numbers can be changed. "Biometrics, however, are biologically unique to each individual; therefore, once compromised, the individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions. *Id.*

11.     As biometric technology has continued to develop, its usage is becoming more mainstream and is no longer relegated to esoteric corners of commerce. Many businesses and have

incorporated biometric applications into their products and/or services, including smartphones and employee timekeeping systems.

12. BIPA provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics, such as voiceprints, unless they first:

(1) inform that person in writing that biometric identifiers or biometric information will be collected or stored;

(2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

(3) receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/5.

13. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

14. Had Plaintiff known that Defendants would capture, collect, store, transmit, and otherwise use his biometrics in violation of Illinois state law and without his valid, informed consent, he would not have utilized Defendants' services and he would not have paid the amount he did for such services.

15. Plaintiff brings this action for damages and other remedies resulting from the actions of Defendants in capturing, storing, using, and disseminating his biometrics, and those of hundreds or thousands of their customers throughout the state of Illinois, without informed written

4

consent, and without informing them through a publicly available policy of how and when the subject biometrics would be stored or disposed of, in direct violation of BIPA.

16. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of statutory damages to the Class members and common law monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

17. Defendant eDriving, LLC is a Delaware limited liability corporation transacting business in Cook County, Illinois through its subsidiary, Defendant Interactive Solutions.

18. Defendant Interactive Solutions, Inc., d/b/a DriversEd.com is an Illinois corporation registered and licensed by the Illinois Secretary of State. Defendant Interactive Solutions transacts business throughout the state of Illinois, including in Cook County, on behalf of Defendant eDriving, using a site known as DriversEd.com

19. At all relevant times, Plaintiff Jack Glynn has been a resident and citizen of the State of Illinois.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to the instant action.

21. This Court may asset personal jurisdiction over Defendants because they conduct substantial business within Illinois and intentionally market their products to Illinois residents.

22. Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

### FACTS SPECIFIC TO PLAINTIFF

23. Plaintiff first encountered Defendants' online driver's education platform offered through their website, DriversEd.com, when he was in the process of obtaining his Illinois driver's license. Plaintiff intended to complete a driver's education course offered by Defendants so he could use the subsequent certification of completion to supplement his driver's license application.

24. Plaintiff visited Defendants' website, DriversEd.com, and paid $63.00 to register for an "Adult Driver's Education" course for Illinois prospective drivers, ages 18 to 21.

25. Immediately after paying the fee, Plaintiff was directed to provide his biometric voiceprint to Defendants by providing a "voice password" or "voice sample," as shown below:



26. Defendants used Plaintiff's voice during the required phone call to create a unique biometric voiceprint attributable to Plaintiff.

27. Prior to obtaining Plaintiff's biometric identifiers and/or information, Defendants did not inform him in writing that a biometric identifier or biometric information was being captured, collected, stored, or used, nor did Defendants make their policies concerning biometric collection, retention and use of such sensitive information publicly available, as required by BIPA.

28. Prior to collecting Plaintiff's voiceprint, Defendants did not make a written policy available to the individuals or to the public establishing a retention schedule and guidelines for permanently destroying the biometric identifiers and biometric information that it collects, as required by BIPA.

29. Defendants also did not obtain consent for any transmission to third parties of Plaintiff's and other individuals' biometrics. To the extent Defendants utilized vendors to operate their voiceprint verification program in conformance with biometric industry practice, Defendants have also violated BIPA on each occasion that they transmit such information to third parties.

30. Further, each individual and subsequent use of Plaintiff's voiceprint without his consent to verify his identity qualifies as a violation of BIPA necessitating statutory damages.

31. To this day, Plaintiff is unaware of the status of his biometric information that was obtained by Defendants. Defendants have not informed him whether they still retain his biometrics, and if they do, for how long they intend to retain such information without his consent.

32. Plaintiff's biometrics are economically valuable and such value will increase as the commercialization of biometrics continues to grow. As such, Plaintiff did not receive the benefit of his bargain with Defendants because Plaintiff would not have provided Defendants with his biometrics had he been fully informed of all material facts as required under the statute.

33. By knowingly and willfully failing to comply with the BIPA's mandatory notice, release, and policy publication requirements, Defendants have violated their students' substantive privacy rights protected under the BIPA, and as a result, Plaintiff and the other members of the Class have continuously been exposed to substantial and irreversible loss of privacy by Defendants' retention of their biometric information without their consent, with such constant and ongoing exposure constituting a severe harm and violation of their rights. Indeed, due to Defendants' deprivation of their substantive privacy rights under BIPA, Plaintiff and the other Class members have suffered, and continue to suffer, from mental anguish.

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> **The Class**: All individuals whose biometrics were captured, collected, obtained, stored or used by or on behalf of Defendants within the state of Illinois anytime within the applicable limitations period.

35. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officer or director.

36. Upon information and belief, there are hundreds, if not thousands, of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be ascertained through Defendants' records.

37. Plaintiff's claims are typical of the claims of the Class members they seek to represent because the factual and legal bases of Defendants' liability to Plaintiff and the other Class members are the same and because Defendants' conduct has resulted in similar injuries to

Plaintiff and to the Class. As alleged herein, Plaintiff and the other putative Class members have all suffered damages as a result of Defendants' BIPA violations.

38. There are many questions of law and fact common to the claims of Plaintiff and the other Class members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendants collected, captured, stored, or used the biometrics of Class members;

    b. Whether Defendants developed and made available to the public a written policy which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by BIPA;

    c. Whether Defendants obtained a written release from Class members before capturing, collecting, or otherwise obtaining individual's biometrics;

    d. Whether Defendants provided a written disclosure to individuals that explains the specific purposes, and the length of time, for which their biometrics were being collected, stored and used before taking their biometrics;

    e. Whether Defendants' conduct violated BIPA;

    f. Whether Defendants' violations of BIPA were willful and reckless; and

    g. Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

39. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal

litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

40. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

41. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*
### (On behalf of Plaintiff and the Class)

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. BIPA requires private entities, such as Defendants, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3)

10

receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

44. BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

45. Defendants are "private entities" as defined under the BIPA. *See* 740 ILCS 14/10.

46. Plaintiff and the other Class members have had their "biometric identifiers," namely their voiceprints, collected, captured, received or otherwise used by Defendants. Plaintiff's and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by the BIPA. 740 ILCS 14/10.

47. Additionally, beyond Defendants' immediate collection of Plaintiff's and Class members' voiceprints, every instance that Defendants required Plaintiff and the other Class members to verify their identity and account by matching their voiceprints with their respective stored voice templates, Defendants captured, collected, stored, and/or used Plaintiff's and the Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of the BIPA.

48. Defendants' practice with respect to capturing, collecting, and using biometric identifiers and biometric information fails to comply with applicable BIPA requirements. Specifically, with respect to Plaintiff and the other Class members, Defendants failed to:

    a. Obtain the written release required by 740 ILCS 14/15(b)(3);

11

  b. Inform Plaintiff and the Class in writing of the specific purpose for which their biometric information and/or biometric identifiers were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

  c. Inform Plaintiff and the Class in writing of the specific length of term their biometric information and/or biometric identifiers were being captured, collected, stored and used, as required by 740 ILCS 14/15(b)(2); and

  d. Provide a publicly available retention schedule detailing the length of time biometric information is stored and guidelines for permanently destroying the biometric information it stores, as required by 740 ILCS 14/15(a).

49. Further, Defendants failed to obtain consent from Plaintiff and the other Class members prior to disseminating their biometrics between themselves and to third party vendors.

50. By capturing, storing, and using Plaintiff's and the other Class members' biometric identifiers and/or biometric information as described herein, Defendants violated Plaintiff's and the other Class members' respective rights to privacy as set forth in the BIPA. 740 ILCS 14/15(a).

51. BIPA provides statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and damages of $1,000 for each negligent violation. 740 ILCS 14/20(1).

52. Defendants' violations of the BIPA, as set forth herein, were knowing and willful, or were in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements.

53. Wherefore Plaintiff prays for the relief set forth below.

## COUNT II
**Negligence**
**(On behalf of Plaintiff and the Class)**

54. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

55. To the extent that a finder of fact concludes that Defendants did not intentionally withhold information from Plaintiff and the Class relating to its biometric system, Defendants were nonetheless careless and negligent in their failure to act reasonably in the circumstances.

56. Special relationships existed between Plaintiff and the Class and Defendants which gave rise to various duties and obligations concerning the biometric data at issue because Defendants had full control over all information regarding their biometric voiceprint technology, including any policies related thereto, relative to Plaintiff's limited knowledge and power.

57. Further, BIPA establishes and defines a reasonable duty of care for private entities, such as Defendants, who collect, obtain, transact, transmit, store, or otherwise use biometrics.

58. Defendants knew, or should have known, of the irreversible risks inherent in collecting, storing, using, and disseminating the biometrics of their customers, particularly when such biometrics are tied to immutable biological characteristics, such as voice recognition.

59. Defendants breached their duties to Plaintiff and the Class with regards to biometric privacy by, among other things, failing to implement a BIPA-compliant biometric system with reasonable data security policies.

60. As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered pecuniary and non-pecuniary injury.

61. Wherefore Plaintiff prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violate the BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with the BIPA requirements for the capture, collection, storage, and use of biometric identifiers and biometric information, and compensation in an amount to be determined at trial for the commercial value of Plaintiff's biometric information;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding monetary relief for Defendants' common law negligence violations in an amount to be determined at trial;

h. Awarding pre- and post-judgment interest, as allowable by law; and

i. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 15, 2018               Respectfully submitted,

                                       JACK GLYNN, individually and on behalf of a
                                       class of similarly situated individuals

                                       By: /s/ Jad Sheikali
                                           *One of Plaintiff's Attorneys*

14

Myles McGuire
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
jsheikali@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*